UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BENJAMIN STIBBE,

        Petitioner,

                                      Case No. 24-cv-1378-pp

  v.

MICHAEL MEISNER,

        Respondent.

---

**ORDER DENYING AS MOOT MOTION REQUESTING NON-CONSOLIDATION OF *HABEAS CORPUS* MOTIONS (DKT. NO. 3) AND DENYING AS UNNECESSARY MOTION FOR EXCESS WORD COUNT (DKT. NO. 4)**

---

On October 28, 2024, the petitioner, representing himself, filed this petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2007 convictions for reckless homicide by the delivery of a controlled substance and manufacturing/delivering heroin. Dkt. No. 1. Two days later, the petitioner filed another §2254 *habeas* petition challenging the same convictions under different grounds. Stibbe v. Meisner, Case No. 24-cv-1396, Dkt. No. 1 (E.D. Wis.). The petitioner then filed a "motion requesting non-consolidation of *habeas corpus* motions," acknowledging that he had filed two *habeas* petitions and requesting that the cases remain separate. Dkt. No. 3. The petitioner also filed a motion requesting leave to exceed the "word count" for his brief in support of his petition. Dkt. No. 4. This order resolves the pending motions.

1

## I.    Background

The petitioner is challenging his 2008 convictions for reckless homicide by the delivery of a controlled substance and manufacturing/delivering heroin. State v. Stibbe, Ozaukee County Case No. 2005CF000275; State v. Stibbe, Ozaukee County Case No. 2006CF000171 (available at https://wcca. wicourts.gov/). The petitioner plead no contest and was sentenced to twenty-five years of imprisonment and fifteen years of extended supervision. Stibbe, Case No. 2006CF000171. The court entered judgments of conviction on November 15 and 21, 2007. Id.; Stibbe, Case No. 2005CF000275.

The petitioner filed a motion for resentencing alleging a breach of the plea agreement by the State. The circuit court denied that motion on December 1, 2008. Stibbe, Case No. 2006CF000171. On October 11, 2021, the petitioner began to challenge his conviction again, filing several motions to modify his sentence and to withdraw his plea. Id. Those motions were denied by the circuit court, and the court of appeals affirmed. Id. On October 7, 2024, the Wisconsin Supreme Court denied the petitioner's petition for review. Id.

The petitioner filed this federal *habeas* petitions—and his second one—shortly afterward, on October 28 and 30, 2024, respectively. Dkt. No. 1; Stibbe, Case No. 24-cv-1396, Dkt. No. 1. In his first petition, the petitioner raises three grounds for relief: (1) he is actually innocent of having committed a violent crime based on the United States Supreme Court's rulings in Begay v. United States and Borden v. United States, (2) Wisconsin's classification of a violent crime is unconstitutionally vague and (3) the Supremacy Clause applies. Dkt.

2

No. 1 at 6–8. In his second petition, the petitioner raised three more grounds for relief: (1) his pleas were not knowing or voluntary due to coercion, (2) his pleas were not knowing or voluntary due to prosecutorial misconduct and (3) ineffective assistance of trial counsel. Stibbe, Case No. 24-cv-1396, Dkt. No. 1 at 6–8.

## II.    Pending Motions

### A.    Motion for Non-Consolidation

The petitioner filed a motion asking the court *not* to consolidate his two pending petitions. Dkt. No. 3. According to the petitioner, "[w]hile these cases both result from the same conviction[,] the issues presented have no common question of law or fact." Id. The petitioner asserts that his state court challenges on these issues were filed years apart and that "one progressed much quicker than the other." Id. He argues that the merits of his two petitions "bear no similarity" and that "each of these motions deserve to stand on their own merits." Id. But the court has issued an order dismissing the petitioner's later-filed case as duplicative of this case. Stibbe, Case No. 24-cv-1396, Dkt. No. 8. Because the petitioner's second case no longer is pending, the court will deny as moot his motion for non-consolidation.

### B.    Motion for Excess Word Count

The petitioner filed a motion for excess word count requesting leave to file an over-length brief in support of his *habeas* petition. Dkt. No. 4. Civil Local Rule 7(f) (E.D. Wis.) states that a principal brief in support of or in opposition to any motion must not exceed thirty pages and reply briefs must not exceed

3

fifteen pages. The brief the petitioner filed in support of his petition is twenty-one pages, so it does not exceed that page limit. <u>See</u> Dkt. No. 2. The court will deny as unnecessary the petitioner's motion for excess word count.

The petitioner also filed his brief prematurely. The court first must screen the petition to determine whether the petitioner can proceed on his stated grounds for relief. If the petition proceeds past the screening stage and the respondent answers the petition, the court will issue an order directing the petitioner to file a brief in support of his petition. If, instead, the respondent files a motion to dismiss or a motion for summary judgment, the court will issue an order directing the petitioner to respond to that motion instead of filing a brief in support of his petition.

## III.  **Amended Petition**

Because the court dismissed the petitioner's later-filed petition, he may wish to amend this petition to assert the grounds for relief that he raised in that petition (Case No. 24-cv-1396). Amended pleadings are governed by Federal Rule of Civil Procedure 15, which is "made applicable to habeas proceedings" by 28 U.S.C. §2242, Fed. R. Civ. P. 81(a)(4) and Rule 11 of the Rules Governing Habeas Cases. <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005). Under Rule 15(a)(1),

> [a] party may amend its pleading once as a matter of course within (1) 21 days after serving it, or (2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Case 2:24-cv-01378-PP    Filed 05/13/25    Page 4 of 6    Document 10

Because the court has not screened the petition in this case and because the respondent has not filed a responsive pleading, the petitioner still is able to file an amended petition "as a matter of course." The court is including with this order a blank *habeas* petition. If the petitioner wishes to amend this petition, he must use this form to prepare his amended petition. He must put the case number for this case—24-cv-1378—on the line next to Docket No. on the first page. He must write "Amended" above Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody" in the middle of page 1. He must include all the grounds on which he is challenging his conviction in the amended petition. He must file the amended petition by the deadline the court has set below. The amended petition replaces the original petition and must be full and complete in itself; the petitioner may not refer the court back to the original petitions.

If the court does not receive an amended petition by the deadline the court has set below, the court will screen the petition in this case as is and the petitioner will not be able to proceed on any other claims related to his 2007 convictions.

## IV.  Conclusion

The court **DENIES AS MOOT** the petitioner's motion for non-consolidation of *habeas corpus* petitions. Dkt. No. 3.

The court **DENIES AS UNNECESSARY** the petitioner's motion for excess word count. Dkt. No. 4.

Case 2:24-cv-01378-PP    Filed 05/13/25    Page 5 of 6    Document 10

The court **ORDERS** that if the petitioner wishes to amend this petition, he must do so in time for the court to *receive* the amended petition by the end of the day on **June 20, 2025**. If the court receives an amended petition by that deadline, the court will screen it. If the court does not receive an amended petition by the end of the day on June 20, 2025, the court will screen the original petition in this case (Dkt. No. 1) and will not allow the petitioner to proceed on any other claims relating to his 2007 convictions.

Dated in Milwaukee, Wisconsin this 13th day of May, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

6