BENJAMIN STIBBE,

        Petitioner,

v.                                          Case No. 24-cv-1378-pp

SUE DEHAAN,

        Respondent.

**ORDER SCREENING AMENDED *HABEAS* PETITION (DKT. NO. 11) AND REQUIRING RESPONDENT TO FILE RESPONSIVE PLEADING**

      On June 2, 2025, the petitioner, representing himself, filed an amended petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2007 convictions for reckless homicide by the delivery of a controlled substance and manufacturing/delivering heroin. He has paid the $5 filing fee. This order screens the amended petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond to Grounds One, Two and Four of the amended petition.

**I.    Background**

      The petitioner is challenging his 2007 convictions for reckless homicide by the delivery of a controlled substance and manufacturing/delivering heroin.

State v. Stibbe, Ozaukee County Case No. 2005CF000275; State v. Stibbe, Ozaukee County Case No. 2006CF000171 (both available at https://wcca.wicourts.gov/). The petitioner plead no contest and was sentenced to twenty-five years of imprisonment and fifteen years of extended supervision. Stibbe, Case No. 2006CF000171. The court entered judgments of conviction on November 15 and 21, 2007. Id.; Stibbe, Case No. 2005CF000275.

The petitioner filed a motion for resentencing, alleging a breach of the plea agreement by the State. Dkt. No. 11 at 3. The circuit court denied that motion on December 1, 2008. Id.; Stibbe, Case No. 2006CF000171. The petitioner did not appeal. Stibbe, Case No. 2006CF000171. On October 11, 2021, the petitioner began another state-court challenge to his conviction, filing a motion to modify his sentence and to withdraw his plea. Id.; Dkt. No. 11 at 4. The petitioner states that he raised the following grounds: (1) his plea was not knowing or voluntary due to coercion and prosecutorial misconduct, (2) he received ineffective assistance of trial counsel, (3) he was actually innocent, (4) Wisconsin's classification of violent crime is unconstitutionally vague, and (5) the supremacy clause applied. Dkt. No. 11 at 4. After two evidentiary hearings, the circuit court denied those motions, and the Wisconsin Court of Appeals affirmed. Stibbe, Case No. 2006CF000171. On October 7, 2024, the Wisconsin Supreme Court denied the petitioner's petition for review. Id.

The petitioner then filed two federal *habeas* petitions in this court, one on October 28, 2024 and one on October 30, 2024. Dkt. No. 1; Stibbe v. Meisner, Case No. 24-cv-1396, Dkt. No. 1 (E.D. Wis.). The petitioner raised

2

different grounds for relief in the two petitions. The court dismissed the later-filed case as duplicative of this case. Stibbe, Case No. 24-cv-1396, Dkt. No. 8. It gave the petitioner leave to amend his petition in case he wanted to assert the grounds for relief that he had attempted to pursue in the later-filed case. Dkt. No. 10 at 4. The petitioner filed his amended petition on June 2, 2025. Dkt. No. 11.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an

3

unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. The Amended Petition

The amended petition raises four claims: (1) the petitioner's plea was not knowing or voluntary due to coercion and prosecutorial misconduct, (2) he received ineffective assistance of trial counsel, (3) he was actually innocent of having committed a violent crime "applicable by the Supremacy Clause," and (4) Wisconsin's classification of reckless homicide as a violent crime is

4

unconstitutionally vague. Dkt. No. 11 at 6–9. It appears that the petitioner exhausted these claims by raising them in his state court postconviction motions.

The first, second and fourth claims generally are cognizable on *habeas* review. See Virsnieks v. Smith, 521 F.3d 707 (7th Cir. 2008) (considering whether *habeas* petitioner's plea was voluntary and intelligent); Brown v. Brown, 847 F.3d 502 (7th Cir. 2017) (considering ineffective assistance of trial counsel claim on *habeas* review); Bocian v. Godinez, 101 F.3d 465 (7th Cir. 1996) (reviewing *habeas* claim that state sentencing statute was unconstitutionally vague). The third claim requires more analysis. The petitioner states that he "unknowingly plead to [a] crime which was classified as a violent crime erroneously." Dkt. No. 11 at 8. He argues that the "United States Supreme Court has repeatedly ruled [that] reckless crimes can not be classified as violent." Id. The petitioner seems to be arguing that at the time of his sentencing, reckless homicide was classified as "violent crime" under Wisconsin law for sentencing purposes, but that federal law states that reckless homicide cannot be classified as a violent crime. Id. at 14.

Claims of errors by a state court in applying state sentencing laws are not cognizable on federal *habeas* review. Dellinger v. Bowen, 301 F.3d 758, 764 (7th Cir. 2002); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing "that it is not in the province of a federal habeas court to re-examine state-court determinations on state-law questions"); Bradley v. Lockett, 549 F. App'x 545, 549 (7th Cir. 2013) (noting that sentencing errors

5

are not generally cognizable on collateral review). The petitioner cites <u>Borden v. United States</u>, 593 U.S. 420 (2021), and <u>Begay v. United States</u>, 553 U.S. 137 (2008), for the principle that reckless crimes cannot be classified as violent crimes. These cases, however, involved sentences imposed in *federal* cases, in which *federal* sentencing law required the judges to determine whether the underlying state offenses constituted crimes of violence as defined by *federal* sentencing law. The cited cases do not govern the petitioner's claim, which attacks the way the state court judge applied state sentencing law. The court will not allow the petitioner to proceed with his third ground for relief because it is not cognizable on federal *habeas* review.

The court also is concerned about the timeliness of the petition. Generally, a petitioner must file his *habeas* petition within one year of his conviction becoming final. The state court entered the petitioner's judgments of conviction on November 15 and 21, 2007. The petitioner filed a motion for resentencing, which was denied on December 1, 2008. The petitioner's conviction became final—and his one-year limitation period began to run— ninety days later, on March 1, 2009. See <u>Anderson v. Litscher</u>, 281 F.3d 672, 675 (7th Cir. 2002) (statute of limitations begins to run "when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for writ"); Supreme Court Rule 13(1) (requiring that a person must file a petition for *certiorari* within ninety days after entry of judgment). The petitioner did not file any other postconviction motions until October 11, 2021—nearly thirteen years

6

later. It may be that the petitioner's petition is untimely. But because the statute of limitation is an affirmative defense that can be waived, the court will not dismiss the petition on timeliness grounds at this stage.

The court cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief on Grounds One, Two and Four of the amended petition, so the court will order the respondent to file an answer or responsive pleading to those grounds.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on three of the four grounds in his amended *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to Grounds One, Two and Four of the amended petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the

respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 12th day of August, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**