UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BENJAMIN STIBBE,

Petitioner,

v. Case No. 24-cv-1378-pp

DAISY CHASE,

Respondent.

---

**ORDER GRANTING PETITIONER'SMOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 28) AND DENYING AS UNNECESSARY PETITONER'S MOTION REQUESTING ORDER TO PAY PARTIAL FILING FEE (DKT. NO. 34)**

---

On August 4, 2026 the court granted the respondent's motion and dismissed the petitioner's amended 28 U.S.C. §2254 *habeas* petition. Dkt. Nos. 24, 25. The court declined to issue a certificate of appealability because no reasonable jurist could disagree that the petitioner's claims were untimely. Dkt. No. 24 at 31.

On August 26, 2026, the petitioner filed a notice of appeal from the court's August 4, 2026 order granting the respondent's motion to dismiss. Dkt. Nos. 26. That same day, the petitioner filed a motion asking for leave to appeal without prepaying the filing fee. Dkt. No. 28. On September 24, 2026, the petitioner filed a motion asking the court to allow him to pay a partial filing fee for his appeal using his inmate release account. Dkt. No. 34.

Under Federal Rule of Appellate Procedure 24(a)(3)(A), a district court may allow an appellant to proceed without prepaying the appellate filing fee if it finds the appellant to be indigent and the appeal to be taken in good faith. Because the Prison Litigation Reform Act does not apply to *habeas* cases, Walker v. O'Brien, 216 F>3d 626, 634 (7th Cir. 2000), the court decides whether a *habeas* appellant is indigent by relying on the information the petitioner provides in his affidavit of indigence. See Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996). The petitioner prepared his motion using the court's required form. The petitioner states that he is unemployed and that his average income during the past twelve months is $0 per month. Dkt. No. 28 at 1. The petitioner avers that he has no monthly expenses and no assets. Id. at 3-5. Based on the petitioner's affidavit, the court finds that the petitioner does not have the ability to prepay the $605 appellate filing fee.

As for good faith, a district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involved "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219–20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). Although the court declined in its August 4, 2026 order order to issue a certificate of appealability, the Seventh Circuit has warned district courts against conflating the good faith and certificate of appealability standards; declining to issue a certificate of

appealability "is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." O'Brien, 216 F.3d at 634. "To determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Id. On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim—that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

In the court's order granting the respondents' motion to dismiss, the court concluded that the petitioner's claims were barred by the one-year limitation period under 28 U.S.C. §2244(d) because the petitioner did not file his *habeas* petition until nearly fifteen years after the one-year limitation period had expired. See Dkt. No. 13-14. The court also concluded that the petitioner had not met his burden with respect to showing the applicability of equitable tolling or his actual innocence arguments. See id. at 14-30. The court believes it is unlikely that the Seventh Circuit will disagree, but it cannot say that no reasonable person could suppose that any of the petitioner's claims have merit. The court cannot conclude that the appeal is frivolous.

The court will deny as moot the petitioner's motion asking the court to allow him to pay an initial partial filing fee for his appeal using his inmate release account; that requirement does not apply on appeal.

The court **GRANTS** the petitioner's motion for leave to proceed without prepaying the appellate filing fee. Dkt. No. 28.

The court **DENIES AS UNNECESSARY** the petitioner's motion asking the court to allow him to pay a partial filing fee for his appeal using his inmate release account. Dkt. No. 34.

Dated in Milwaukee, Wisconsin this 29th day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**